**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 13 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X    <u>NOT FOR PUBLICATION</u>

GUGLIELMO R. SCIABICA,

                    Plaintiff,              **MEMORANDUM**
                                       **AND ORDER**

     -against-                      16-CV-3375 (LDH) (JO)

MYRTLE MENS SHELTER,

                    Defendants.[1]

------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

      On June 9, 2016, plaintiff Guglielmo R. Sciabica, appearing *pro se*, filed this action in the

United States District Court for the Southern District of New York. On June 22, 2016, the action

was transferred to this Court. The Court grants plaintiff's request to proceed *in forma pauperis*

and dismisses the complaint as set forth below.

## BACKGROUND

      Plaintiff, who resides in New York, alleges that his property was "stolen from his locked

locker during [his hospital] stay" on May 16, 2016 and June 7, 2016, and that he was forcibly

removed from, defendant, Myrtle Men's Shelter, which is also located in New York. (Compl.,

ECF No. 2, at 3.[2]) He seeks damages and a "jail term for the[se] two grand larcenies" caused by

defendant.

---

[1] Plaintiff includes the following additional defendants: Barry Little and the City of New York. *See* Compl. at 1-2.
However, plaintiff does not state any facts related to any actions taken by either Barry Little or the City of New
York. (*See generally*, Compl.)
[2] The Court refers to the pagination assigned by the Electronic Case Filing ("ECF") system and not the document's
internal page numbers.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Furthermore, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, and § 1332 for "[d]iversity of citizenship" jurisdiction.

A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States.[1] He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-685 (1946)). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted); *Harrison v. New York*, 95 F.Supp. 293, 311 (E.D.N.Y. 2015). Here, plaintiff invokes the Court's federal question jurisdiction. (Compl, ECF No. 2 at 2.) However, even under the most liberal construction, plaintiff has not met his burden to show that the Court has federal question jurisdiction over his claims. Plaintiff's allegation that his property was stolen from his locker at the Myrtle Men's Shelter, a housing program run by Samaritan Village, Incorporated (*see* "Where Good Lives," http://samaritanvillage.org (last visited July 11, 2016), and his claim that he was removed from the privately-run shelter does not implicate the Court's federal question jurisdiction. Nor has plaintiff pleaded any basis for this Court to exercise diversity jurisdiction in this matter. Rather, plaintiff's claims arise under state law.

---

[3]  A claim invoking federal-question jurisdiction under § 1331, may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) ("[T]he district court has subject matter jurisdiction unless the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (internal quotation marks omitted)).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff may pursue his state law claims in the appropriate state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

s/ LaShann DeArcy Hall
_____
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
July 12 , 2016

4